Argued and submitted July 7, reversed and remanded with instructions
August 10, 1994

# DEPARTMENT OF LAND CONSERVATION AND DEVELOPMENT,
*Respondent,*

*v.*

# CITY OF DONALD
and Fargo Interchange Service District,
*Petitioners,*

*and*

# MARION COUNTY,
*Intervenor below.*

(LUBA 93-227; CA A84280)

879 P2d 229

Thomas J. Rastetter argued the cause and filed the brief for petitioner City of Donald.

Edward J. Sullivan and Jane Ellen Stonecipher argued the cause for petitioner Fargo Interchange Service District. With them on the brief was Timothy J. Sercombe.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

In *Dept. of Land Conservation v. Fargo Interchange*, 129 Or App 447, 879 P2d 224 (1994), we reversed LUBA's remands of the service district's decision proposing a sewer system for its area, and Marion County's decision that the district's proposal complied with the county's acknowledged comprehensive plan and land use regulations. LUBA reasoned that a provision in the county's plan was intended to implement Goals 11 and 14. Therefore, according to LUBA, the county's interpretation that the proposal complied with the provision was subject to review for consistency with the goals under ORS 197.829(4). LUBA then concluded that the use of the City of Donald's treatment facility as part of the proposed system would violate Goals 11 and 14, and the county's interpretation of the plan provision was, therefore, contrary to those goals and reversible under ORS 197.829(4). We assumed *arguendo* that LUBA was correct that Goals 11 and 14 apply to the decisions in the way LUBA applied them, but disagreed with LUBA's ultimate conclusion that the proposed sewer system and the county's interpretation of its plan provision were contrary to those goals.

In the present case, the Department of Land Conservation and Development (DLCD) appealed to LUBA from the city's decision to enter into an agreement with the district to provide the treatment service. LUBA followed the same reasoning it had applied in *Dept. of Land Conservation v. Fargo Interchange, supra*, again reached the question of whether the decision complied with Goals 11 and 14, and again concluded that the goals were violated. Consequently, it remanded the city's decision. For the reasons stated in *Dept. of Land Conservation v. Fargo Interchange, supra*, we conclude that no goal violation will result from the use allowed by the city's decision, and we again reverse.[1]

Reversed and remanded with instructions to affirm city's decision.

---

[1] We again assume for discussion only the correctness of LUBA's reaching the goal compliance question and the reasoning by which it arrived at that question.